10-697-pr
Gonzales v. Jones et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:
        AMALYA L. KEARSE,
        PIERRE N. LEVAL,
        DENNY CHIN,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - -x

PATRICK GONZALES,
        Plaintiff-Appellant,

                -v.-                            10-697-pr

R.C. NOWAK, MEDICAL DOCTOR EMERGENCY ROOM
AT PHELPS MEMORIAL HOSPITAL ASSOCIATION,
        Defendant,

MARIE JONES, REGISTERED NURSE WHO WORKED
3-11 SHIFT AT SING SING CORRECTIONAL
FACILITY HOSPITAL 2-20-04, JOHN PERILLI,
JOHN DOE, NCS/EMG TECHNICIAN THAT MADE
ASSESSMENT OF INJURY ON 6/09/2004, HANSEN,
NURSE ADMINISTRATOR 3-11 SHIFT AT SING-SING
CORRECTIONAL FACILITY HOSPITAL 2-20-04 DAY
OF ACCIDENT, JOHN DOE, HMO, THAT DENIED
PLAINTIFF HIS RIGHT TO BE TREATED FOR
CARPAL TUNNEL SYNDROME, ETC. ECT., STEVEN
C. WEINSTEIN, THE ONE THAT MADE ASSESSMENT
OF INJURY ON 6/9/04, as NCS/EMG TECHNICIAN,
PAUL NOWAK,
        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          PATRICK GONZALES, pro se, Wallkill, New York.

FOR DEFENDANTS-APPELLEES:          SUDARSANA SRINIVASAN, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Preska, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Patrick Gonzales, proceeding pro se, appeals from the district court's February 17, 2010 judgment granting defendants-appellees' motion for summary judgment and dismissing his amended complaint. Gonzales sued pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his health in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment de novo and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom

-2-

summary judgment is sought.'" Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (quoting Stern v. Trs. of Columbia Univ. in City of New York, 131 F.3d 305, 312 (2d Cir. 1997)). "[R]eliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002) (internal citations omitted).

We have conducted an independent review of the record in light of these principles. We affirm the district court's judgment for substantially the reasons stated by the magistrate judge in his report and recommendation and by the district court in its decision and order. The magistrate judge and district court correctly concluded that the undisputed evidence precludes a finding that the defendants acted with the requisite culpable state of mind in treating Gonzales's hypoglycemia and carpal tunnel syndrome. See Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006) ("In medical-treatment cases [alleging an Eighth Amendment violation] not arising from emergency situations, the official's state of mind need not reach the level of knowing and purposeful infliction of harm; it suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health." (internal citation omitted)). On appeal, Gonzales does not identify sufficient evidence to raise a genuine issue of fact as to whether defendants acted with deliberate indifference.

We have considered appellant's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK